IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS BEATTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00965-MJR-PMF |
| ) | |
| JOHN ARNETT, and ) | |
| WRIGHT INDUSTRIES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Curtis Beatty, who is currently incarcerated at Big Muddy River Correctional Center brings suit, pursuant to 42 U.S.C. § 1983 for injuries sustained in a December 31, 2009, automobile accident. Plaintiff was rear-ended by a pickup truck owned by Defendant Wright Industries and driven by Defendant John Arnett. Arnett was driving on a suspended license. Plaintiff contends that he remains in excruciating pain to this day. He seeks $10 million in compensatory damages.

Plaintiff is proceeding *pro se*. He seeks pauper status under 28 U.S.C. § 1915 (Doc. 2), and requests service of process at government expense (Doc. 4). Plaintiff also asks the Court to recruit counsel to represent him in this case (Doc. 3).

As a preliminary matter, Plaintiff qualifies as a "prisoner" for purposes of 28 U.S.C. § 1915, relative to his motion for leave to proceed *in forma pauperis*. The Court finds that Plaintiff, who has $1.59 balance in his prison trust fund account and no other reported income or other assets, is indigent and unable to pay the filing fee or cost of service of summons and the complaint. However, that does not end the Court's preliminary inquiry.

The complaint must undergo a preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of any portion of the complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

First, Plaintiff has brought suit pursuant to 42 U.S.C. § 1983. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.' " *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health,* 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). There is nothing to suggest that Defendants Arnett and Wright Industries are state actors or that they were acting under state law. Rather, this appears to be a negligence action between private citizens. Dismissal of the complaint is warranted on that basis alone.

Moreover, even if the *pro se* complaint were construed as a negligence action under Illinois law, *and* the Court had diversity jurisdiction (which is not clear), the case could not proceed. The complaint reveals that Plaintiff previously brought suit in the Circuit Court in Madison County, Illinois, in 2009. His case was dismissed without prejudice on July 12, 2013, after Plaintiff's attorney of record was permitted to withdraw (*see* Doc. 1, pp. 2, 5, 8-11). Planitiff apparently moved to reinstate his case, to no avail (*see* Doc. 1, pp. 12-13 (motion to reinstate)). Although the particular circumstances of the dismissal are not known, under Illinois law an action that is dismissed without prejudice can be refiled within one year, or within the

time remaining under the applicable statute of limitations, whichever is longer.  *See* 735 ILCS 5/13-217.  Under either calculation this action is untimely.

Plaintiff's state case was dismissed without prejudice on July 12, 2013 (*see* Doc. 1, p. 2).  This present action was not filed until September 4, 2014—more than one year later.  The statute of limitations period for bringing suit in a personal injury case such as this is two years after the cause of action accrued.  *See* 735 ILCS 5/13-202.  The accident at issue occurred on December 31, 2009, almost five years ago.  Consequently, it would be futile to dismiss the complaint without prejudice to allow Plaintiff to properly plead a negligence or personal injury claim and assert diversity jurisdiction.  Under these circumstances, the action will be dismissed with prejudice.  This dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

Having concluded that dismissal under Section 1915(e)(2)(B) is warranted, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) must be denied.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Plaintiff, who is in prison, must pay the $400 filing fee under the procedures outlined in *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997).  A separate order will issue directing funds be withdrawn from Plaintiff's prison trust fund account.

Because this action is being dismissed with prejudice, Plaintiff's motion for service of process at government expense (Doc. 4) and motion for recruitment of counsel (Doc. 3) are now moot.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, this action is **DISMISSED** with prejudice for failing to state a claim upon which relief can be granted under the applicable statute of limitations. This dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g). Judgment shall enter accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**. A separate order shall issue directing that the $400 filing fee be collected from Plaintiff's prison trust fund account pursuant to *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997).

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) and motion for recruitment of counsel (Doc. 3) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED:  October 7, 2014

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**